NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 24-3068
_____

LUIS EMILIO CORDIN LINAREZ,
Appellant

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA; SECRETARY UNITED
STATES DEPARTMENT OF HOMELAND SECURITY; DIRECTOR UNITED
STATES IMMIGRATION AND CUSTOMS ENFORCEMENT; DANIEL A. BIBLE,
Executive Associate Director of ICE Enforcement and Removal Operations, U.S. Bureau
of Prisons; DIRECTOR FEDERAL BUREAU OF PRISONS; WARDEN
ALLENWOOD FCI
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3:24-cv-00488)
District Judge: Honorable Joseph F. Saporito, Jr.
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on October 28, 2025
_____

Before: CHAGARES, *Chief Judge*, BOVE and SCIRICA[*], *Circuit Judges.*

(Filed: July 30, 2026)

---

[*]  The Honorable Anthony J. Scirica was unavailable to participate in the decision in this
case after submission to the merits panel.  This opinion is filed by a quorum of the panel
pursuant to 28 U.S.C. § 46(d) and 3d Cir. I.O.P. 12.1(b).

_____

OPINION**

_____

PER CURIAM

Luis Emilio Cordón Linarez appeals the District Court's order dismissing his petition for a writ of habeas corpus. Because Cordón Linarez was removed to Guatemala while this appeal was pending, his habeas petition is moot. We will, therefore, dismiss the appeal.

I.

We write only for the parties, so our discussion of the facts is limited to those necessary for our analysis. Luis Emilio Cordón Linarez is a citizen of Guatemala who was extradited to the United States under the U.S.-Guatemala Extradition Treaty. He was paroled into the United States for prosecution under 8 U.S.C. § 1182(d)(5), then pleaded guilty to conspiracy to distribute cocaine. He was sentenced to 108 months in prison. While serving his sentence, the Department of Homeland Security issued an expedited removal order against him. Cordón Linarez filed a habeas corpus petition in March 2024, seeking both vacatur of the removal order and for the Bureau of Prisons to apply First Step Act credits towards an accelerated release from custody. On November 1, 2024, the District Court dismissed his habeas petition on jurisdictional grounds. That same day, he completed his sentence and timely appealed. He was removed to Guatemala on

---

** This disposition is not an opinion of the full Court and, pursuant to 3d Cir. I.O.P. 5.7, does not constitute binding precedent.

November 13, 2024, while this appeal was pending.  On appeal, he raises jurisdictional, statutory, and constitutional challenges to the District Court's dismissal.  We need not reach any of those claims or the District Court's decision because the case is moot.

## II.[1]

There is no longer a live case or controversy due to Cordón Linarez's deportation.  "[O]ur standard of review concerning questions of our own jurisdiction, including whether a claim has been rendered moot, is plenary."  *Abreu v. Superintendent Smithfield SCI*, 971 F.3d 403, 405 (3d Cir. 2020).  Article III of the Constitution confines the judicial power of the federal courts to the resolution of "Cases" or "Controversies."  U.S. Const. art. III, § 2, cl. 1.  To satisfy the case or controversy requirement in the habeas context, a petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."  *DeFoy v. McCullough*, 393 F.3d 439, 442 (3d Cir. 2005) (citation omitted).  "As a result, a habeas corpus petition generally becomes moot when a prisoner is released from custody because the petitioner has received the relief sought."  *Abreu*, 971 F.3d at 406.  Here, Cordón Linarez's petition requested his return to Guatemala, where he has since been deported.  Accordingly, his habeas petition is moot.

Cordón Linarez contends that this case is "capable of repetition, yet evading review," an exception to the mootness doctrine.  Appellant Br. 26.  That "narrow" exception to the mootness doctrine "applies only in exceptional situations."  *Hamilton v.*

---

[1]  We have jurisdiction over this appeal under 28 U.S.C. §§ 1291 and 2253(a).

*Bromley*, 862 F.3d 329, 335 (3d Cir. 2017) (quoting *Spencer v. Kenma*, 523 U.S. 1, 16 (1998)). Those situations require "where '(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again.'" *County of Butler v. Governor of Pa.*, 8 F.4th 226, 231 (3d Cir. 2021) (quoting *Hamilton*, 862 F.3d at 335).

This exception does not apply. Cordón Linarez is barred from lawfully reentering the United States following his conviction and cannot show a reasonable expectation of being subject to the same action again. Any contrary conclusion would rest on the assumption of unlawful reentry, which is insufficient to establish Article III jurisdiction. "We have consistently refused to find the case or controversy requirement satisfied where . . . litigants simply 'anticipate violating lawful criminal statutes.'" *United States v. Sanchez-Gomez*, 584 U.S. 381, 393–94 (2018) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 496 (1974)).

For these reasons, Cordón Linarez's case is moot. We will, therefore, dismiss the appeal.